1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PHOUONE CHAO,                                No.  2:14-cv-0594 CKD

12                  Plaintiff,

13          v.                                    ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15
                    Defendant.
16

17

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II

20   of the Social Security Act ("Act").  For the reasons discussed below, the court will deny

21   plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for

22   summary judgment.

23   BACKGROUND

24          Plaintiff, born September 18, 1956, applied on June 1, 2009 for DIB, alleging disability

25   beginning January 2, 2009.  Administrative Transcript ("AT") 185.  Plaintiff alleged he was

26   unable to work due to poor vision, diabetes, kidney problems and high blood pressure.  AT 206.

27   /////

28   /////

                                                 1

In a decision dated May 8, 2012, the ALJ determined that plaintiff was not disabled.[1]  AT 30-40.

The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.
>
> 2.  The claimant has not engaged in substantial gainful activity since January 2, 2009, the alleged onset date.
>
> 3.  The claimant has the following severe impairments:  a cognitive disorder, an adjustment disorder, diabetes mellitus with retinopathy, psoriasis, and hepatitis.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1]       Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.   Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:  he must avoid concentrated exposure to workplace hazards such as unprotected machinery and unprotected heights. He is limited to occupations that require only occasional near acuity.  Work is limited to simple, routine and repetitive tasks, involving only simple work-related decisions, with few, if any workplace changes.

6.  The claimant is unable to perform any past relevant work.

7.  The claimant was born on September 18, 1956, and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

8.   The claimant has a marginal education and is able to communicate in English.

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.  The claimant has not been under a disability, as defined in the Social Security Act, from January 2, 2009, through the date of this decision.

AT 32-40.

ISSUES PRESENTED

Plaintiff argues that the ALJ improperly discredited his testimony.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is

3

1   responsible for determining credibility, resolving conflicts in medical testimony, and resolving

2   ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

3   "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one

4   rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

5          The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th

6   Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

7   conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not

8   affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see

9   also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the

10  administrative findings, or if there is conflicting evidence supporting a finding of either disability

11  or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,

12  1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

13  weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

14  ANALYSIS

15         Plaintiff contends the ALJ failed to provide legally sufficient reasons for rejecting the

16  testimony of plaintiff.  The ALJ determines whether a disability applicant is credible, and the

17  court defers to the ALJ's discretion if the ALJ used the proper process and provided proper

18  reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the

19  ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th

20  Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility

21  finding to be supported by "a specific, cogent reason for the disbelief").

22         In evaluating whether subjective complaints are credible, the ALJ should first consider

23  objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341,

24  344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ

25  then may consider the nature of the symptoms alleged, including aggravating factors, medication,

26  treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the

27  applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

28  testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

4

prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff testified that he could not work because of diabetes, problems with his vision and mental impairments.  AT 55.  With respect to his vision problems, plaintiff testified that he frequently had floaters in his eyes and had problems seeing diagrams or small print.   AT 57, 74. Plaintiff further testified that he had occasional problems with gout, that he could no longer work 13 to 14 hours a day after he suffered a stroke, that he feels numbness in his left leg and hand, and has problems with psoriasis.  AT 60, 65, 75.  Regarding plaintiff's mental impairments, plaintiff testified that he was no longer a fun, outgoing person, did not communicate with his friends any longer, and felt he was a burden to his family since he could no longer contribute financially.  AT 77, 80.  He also testified that he had had problems with sleep but those problems were resolving after a change in medication.  AT 78.

The ALJ accurately summarized plaintiff's testimony and extensively discussed his reasons for discrediting plaintiff's subjective complaints to the extent they were inconsistent with the assessed residual functional capacity.  AT 35-38.  The ALJ noted that plaintiff had only limited compliance with his treatment regimen for diabetes, including failure to maintain insulin dosages and failure to comply with diet and exercise recommendations.  AT 36.  The ALJ also

considered plaintiff's alcohol abuse complicating the symptoms of diabetes and that when plaintiff finally stopped drinking so much, plaintiff reported feeling better, was more engaged with friends and exercised. AT 36, 628. The inconsistency between plaintiff's claim of totally disabling symptoms and his admission in the medical records that his condition improved when he stopped abusing alcohol was a factor appropriately considered by the ALJ. The ALJ also factored into the credibility analysis the control of psoriasis plaintiff was able to obtain with oral and topical medications and reflected in the residual functional capacity a limitation to simple unskilled work due to the distraction plaintiff might have from occasional psoriasis flare-ups. AT 37. Also considered by the ALJ was plaintiff's subjective complaints of loss of visual acuity, noting that the medical records indicated that plaintiff's vision appeared to have stabilized at 20/50 visual acuity bilaterally. AT 37, 659. As noted by the ALJ, plaintiff's testimony regarding difficulty seeing small objects was appropriately accommodated in the residual functional capacity limiting plaintiff to occupations that require only occasional near acuity. AT 34, 37, 94 (vocational expert testified job base would be eroded 80% due to acuity limitation).

With respect to plaintiff's mental impairment, the ALJ accurately summarized the medical records, observing that plaintiff showed improvement with a change in medication and cessation of alcohol abuse. AT 37-38, 631. The ALJ also relied on the record medical opinions in which no treating or evaluating physician found plaintiff to be disabled as being inconsistent with plaintiff's claim of totally disabling symptoms. AT 38, 330-338, 358-372, 622. Regarding plaintiff's other claims of disabling symptoms due to numbness and high blood pressure, the ALJ correctly discounted these claims as inconsistent with the findings of his treating physicians who found plaintiff's vital signs to be within normal limits with no numbness evident on examination. AT 284, 621, 738. The ALJ also noted that plaintiff's hypertension was controlled with medications and that despite plaintiff's claim of disabling gout, he reported only one gout attack to his treating physicians. AT 32, 661.

The reasons set forth by the ALJ for discrediting plaintiff's testimony are valid, clear and convincing, and supported by substantial evidence in the record. There is no basis for remand in the ALJ's credibility analysis.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (ECF No. 17) is denied;

2.  The Commissioner's cross-motion for summary judgment (ECF No. 18) is granted; and

3.  Judgment is entered for the Commissioner.

Dated:  March 16, 2015

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 chao.ss

7